UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVONTAY ALEXANDER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:22-cv-00834-MTS |
| JOHN P. YATES, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of petitioner Devontay Alexander's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. [1]. Based on that review, and for the reasons discussed below, the Court will transfer this action to the United States District Court for the Eastern District of Arkansas.

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. On August 9, 2016, he was indicted in the United States District Court for the District of Maryland on one count of conspiracy to distribute heroin, and one count of being a felon in possession of a firearm. *United States v. Alexander*, No. 1:16-cr-364-RDB-10 (D. Md.). Petitioner pled guilty to the conspiracy count on August 29, 2017. On January 18, 2018, he was sentenced to 120 months' imprisonment and five years' supervised release. Petitioner did not file an appeal or a motion under 28 U.S.C. § 2255. On August 9, 2022, petitioner filed the instant action in this Court. Doc. [1].

**The Petition**

Petitioner's petition for writ of habeas corpus is on a Court-provided 28 U.S.C. § 2241 form. In it, petitioner states that he is incarcerated at "FCC Forrest City" in Arkansas, serving a federal sentence out of the District of Maryland. Doc. [1] at 1. He states that he is challenging prison disciplinary proceedings and seeking the restoration of good conduct time. Doc. [1] at 4. Petitioner further asserts that he has exhausted his administrative remedies with the Bureau of Prisons.

In support of his petition, petitioner has submitted a memorandum that provides additional facts. Doc. [2]. Specifically, petitioner explains that on January 13, 2021, while incarcerated at the Fort Dix Federal Correctional Institution, he was issued an incident report for assaulting a fellow inmate. Doc. [2 at 3]. He alleges that the Bureau of Prison's disciplinary officer denied him due process by relying on "numerous inaccurate accounts" to find him guilty. Doc. [2 at 1]. As a result of the incident report, petitioner lost 41 days of good conduct time, which he seeks to have restored. Doc. [2 at 4].

**Discussion**

Petitioner is a self-represented litigant who has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Generally, a collateral attack on a federal conviction is made pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that "[a] challenge to a federal conviction…is most appropriately brought as a motion under 28 U.S.C. § 2255"). Thus, in order to challenge the validity of his underlying conviction and sentence, a prisoner must file a § 2255 motion before the sentencing court. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). "On the other hand, a claim attacking the execution of that sentence should be brought in a § 2241 petition in the jurisdiction of incarceration." *Nichols v. Symmes*, 553

F.3d 647, 649 (8th Cir. 2009). *See also United States v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976) (stating that a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence …is properly cognizable in a habeas corpus petition under section 2241"). In order for a court to have jurisdiction over a § 2241 petition, the prisoner must carry the "burden of showing that the remedy under [28 U.S.C.] § 2255 would be inadequate or ineffective." *Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019).

Additionally, jurisdiction under 28 U.S.C. § 2241 lies "only in the district of actual physical confinement," as well as "the district where a custodian responsible for the confinement is present." *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). *See also Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) ("A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated"); *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995) (explaining that district court lacked subject matter jurisdiction to hear petitioner's § 2241 petition because petitioner "was not incarcerated in the Eastern District of Missouri"); and *United States v. Hutchings*, 835 F.2d 185, 187 (8th Cir. 1987) (explaining that district court lacked jurisdiction because § 2241 "petition must be filed in the judicial district within which either the [United States Parole Commission] or the prisoner's custodian is located"). An inmate seeking credit against his sentence may also file a § 2241 petition in the district in which the Bureau of Prisons has a regional office. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (stating that petitioner may file "28 U.S.C. § 2241 petition in either the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the [Bureau of Prisons] maintains a regional office").

In this case, petitioner is challenging the execution of his sentence – the loss of good conduct time – and not the legality of the sentence imposed by the United States District Court for

the District of Maryland. As such, the claim is properly brought under 28 U.S.C. § 2241. *See United States v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981) (stating that "an attack on the manner in which a sentence is executed, as distinguished from its legality, may be cognizable in a habeas corpus petition under 28 U.S.C. [§] 2241").

This Court, however, does not have jurisdiction over the action, because a 42 U.S.C. § 2241 petition must be filed in the district where petitioner is incarcerated. Here, petitioner states that he is incarcerated at the Federal Correctional Institution in Forrest City, located in St. Francis County, Arkansas. St. Francis County is within the jurisdiction of the United States District Court for the Eastern District of Arkansas. *See* 28 U.S.C. § 83(a)(2). Since petitioner is not incarcerated in the Eastern District of Missouri, the Court lacks jurisdiction to entertain his petition.

The Court notes that an inmate seeking credit against his sentence may also file in the district in which the Bureau of Prisons has a regional office. Nevertheless, to the extent petitioner is making such a challenge, there is no regional Bureau of Prisons office in the Eastern District of Missouri. *See Chappel*, 208 F.3d at 1069 n.1.

In short, jurisdiction for a § 2241 petition lies in either the district of physical confinement or in the district in which a custodian responsible for petitioner is present. As previously noted, petitioner is not confined within the Eastern District of Missouri, and there is no custodian present in this district over whom this Court would have jurisdiction.

Pursuant to 28 U.S.C. § 1631, a district court lacking jurisdiction to entertain a civil action may, in the interest of justice, transfer such action to any other court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the court to which it is transferred. Furthermore, 28 U.S.C. § 1404 provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any

civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). *See also McCoy*, 537 F.2d at 965 (explaining that 28 U.S.C. § 2241 petition could be transferred under § 1404(a), and "that the place of confinement is normally the forum most convenient to the parties"). Because petitioner is a self-represented litigant, the Court finds that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of Arkansas, where he is physically confined, and where his 28 U.S.C. § 2241 petition should have been filed.

Accordingly,

**IT IS HEREBY ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Eastern District of Arkansas. *See* 28 U.S.C. § 1631.

Dated this 9th day of November, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

5